# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. KARLA SAUNDERS,
          Petitioner,

     v.

SMALL BUSINESS
   ADMINISTRATION,
          Agency.

DOCKET NUMBER
CB-1208-14-0020-U-1

DATE: August 20, 2014

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Gregory Giaccio, Esquire, Washington, D.C., for the petitioner.

Robert Stone Porter, IV and Vincent Melehy, Esquire, Silver Spring,
   Maryland, for the relator.

Christopher J. McClintock, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman

## ORDER ON STAY REQUEST

¶1       Pursuant to 5 U.S.C. § 1214(b)(1)(A)(i), the Office of Special Counsel (OSC) has requested a 45-day stay of the agency's proposed removal of Karla

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Saunders to allow it to investigate Ms. Saunders's prohibited personnel practice complaint.[2]  For the reasons set forth below, OSC's request for a stay is GRANTED.

## BACKGROUND

¶2        In its August 15, 2014, stay request, OSC alleges that Ms. Saunders served as a Supervisory Human Resources Specialist with the agency and had 32 years of federal service.  OSC further alleges that Ms. Saunders has filed two previous complaints of whistleblower reprisal with OSC within the last 4 years, and that most recently Ms. Saunders filed a complaint with OSC challenging her proposed removal on the basis of whistleblower reprisal and her participation in several protected activities.  Specifically, OSC asserts that the agency proposed Ms. Saunders's removal from federal service on charges of conduct unbecoming a supervisor, failure to cooperate with an official investigation, lack of candor, and equal employment opportunity retaliation within a year of her making protected disclosures to the agency's Office of Inspector General (OIG).

¶3        OSC alleges that Ms. Saunders made protected disclosures predating her proposed removal in 2010 and 2011, when she disclosed to several agency officials that they failed to provide performance standards and annual performance evaluations, and again in 2013 and 2014, when she disclosed to the OIG that the agency's current Chief Human Capital Officer (CHCO) directed several staff members to provide an advantage to an applicant for employment in violation of 5 U.S.C. § 2302(b)(6) by assisting the applicant to rewrite a substandard submission.  OSC further alleges that Ms. Saunders has engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(C) by participating in several prior

---

[2] The agency has responded in opposition to OSC's stay request.  However, unlike the situation where OSC requests the extension of a stay that has already been granted, the Board's regulations do not require that an agency be provided with an opportunity to comment on the initial stay request.  5 C.F.R. § 1201.136(a), (b).  Thus, I have not considered the agency's response to OSC's stay request.

OSC investigations and that her filing an employment discrimination lawsuit in federal court is also a protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii).  OSC contends that Ms. Saunders's protected disclosures and activities were contributing factors in her proposed removal because they occurred within a short period of time prior to the proposed adverse action and the proposing and deciding officials were generally aware of her protected disclosures and activities through personal and constructive knowledge.

## ANALYSIS

¶4        Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request any member of the Merit Systems Protection Board to order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice.  Such a request shall be granted, unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate.  5 U.S.C. § 1214(b)(1)(A)(ii).  OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed.  *See Office of Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010).

¶5        OSC asserts that a prima facie violation of 5 U.S.C. § 2302(b)(8) exists where:  (1) the employee made a protected disclosure; (2) the official(s) who recommended or took the personnel action had actual or constructive knowledge of the protected disclosure; (3) a personnel action was threatened or taken; and (4) the protected disclosure was a contributing factor in the personnel action.  *See Office of Special Counsel ex rel. Aran*, 115 M.S.P.R. 6, ¶ 7.  OSC further asserts that, pursuant to the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, a prima facie violation of 5 U.S.C.

§ 2302(b)(9)(C) exists where: (1) the employee participated in a protected activity by cooperating with or disclosing information to the Inspector General of an agency or the Office of Special Counsel; (2) the official(s) who recommended or took the personnel action had actual or constructive knowledge of the protected activity; (3) a personnel action was threatened or taken; and (4) the protected activity was a contributing factor in the personnel action. *See, e.g.*, *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014) (discussing effects of 5 U.S.C. § 1221(e)(1) on 5 U.S.C. §§ 2302(b)(8) and 2302(b)(9)(A)(i), (B), (C) and (D)).[3]

¶6    OSC asserts that Ms. Saunders made a protected disclosure of a violation of law under 5 U.S.C. § 2302(b)(8) when she reported to the OIG that the CHCO improperly directed agency employees to assist an applicant, thereby providing the applicant with an unfair advantage in violation of 5 U.S.C. § 2302(b)(6). OSC also asserts that Ms. Saunders engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(C) when she participated in prior OSC investigations and that the proposing and deciding officials were both personally and constructively aware of Ms. Saunders's protected disclosures and activities. In support of this latter assertion, OSC contends that Ms. Saunders discussed her disclosures with several coworkers who were supervised by the proposing and deciding officials and that there are several references to Ms. Saunders's protected disclosures and activities in the documentation supporting the agency's notice of proposed removal. OSC

---

[3] Although the WPEA created a new section, 5 U.S.C. § 2302(b)(9)(A)(ii), the Board's individual right of action jurisdiction does not extend to claims under this section, and the elements of proof for such a claim are different from those under sections 2302(b)(8) and 2302(b)(9)(C). *See* 5 U.S.C. § 1221(e); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). Because I find that OSC has established a prima facie violation of both 5 U.S.C. § 2302(b)(8) and (b)(9)(C), I need not consider whether OSC has established a prima facie violation of 5 U.S.C. § 2302(b)(9)(A)(ii). *See Special Counsel v. Department of Transportation*, 70 M.S.P.R. 520, 522 n.* (1996) (finding it unnecessary to consider an alleged prohibited personnel practice claim under 5 U.S.C. § 2302(b)(11) because there was sufficient support for granting the stay based on the 5 U.S.C. § 2302(b)(8) claim).

also alleges that a proposed removal is a threat of a personnel action.[4] Finally, OSC argues that Ms. Saunders's protected disclosures and activities were contributing factors in her proposed removal because they occurred within a short period of time before her proposed removal and because the attendant circumstances surrounding her proposed removal suggest a motive to retaliate against her.

¶7 Given the deference that should be afforded to OSC and the assertions made in its stay request, I find that there are reasonable grounds to believe that the agency proposed Ms. Saunders's removal based on her protected disclosure in violation of 5 U.S.C. § 2302(b)(8) and her protected activity in violation of 5 U.S.C. § 2302(b)(9)(C).

**ORDER**

¶8 Based on the foregoing, I conclude that granting OSC's stay request is appropriate. Accordingly, a 45-day stay of Ms. Saunders's proposed removal is GRANTED. The stay shall be in effect from August 20, 2014, through and including October 3, 2014. It is further ORDERED that:

(1) Ms. Saunders shall be reinstated to her former position at the same location with the same duties and responsibilities that she formerly had and at the same salary and grade level effective August 20, 2014;

(2) The Small Business Administration shall not effect any change in Ms. Saunders's duties and responsibilities which is inconsistent with her salary or grade level or impose upon her any requirement which

---

[4] Although the agency imposed Ms. Saunders's removal prior to OSC's stay request of the proposed removal, the language of the statute permits the stay of a personnel action if the Special Counsel has reasonable grounds to believe that the action "was taken, or is to be taken, as a result of a prohibited personnel practice." 5 U.S.C. § 1214(b)(1)(A)(i). Thus, the Board has the authority to stay the removal of an employee after the effective date of the action. *See Special Counsel v. Department of Transportation*, 59 M.S.P.R. 552, 555 (1993).

is not required of other employees of comparable position, salary, or grade level;

(3) Within 10 working days of this Order, the Small Business Administration shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4) Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before September 19, 2014. Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the Board, together with any evidentiary support, on or before September 26, 2014.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.